## In the Matter of the Estate of DORA PANGBORN, Deceased.

Surrogate's Court, Richmond County, July 12, 1949.

*Philip J. Levine* for Louis Pangborn, as administrator of the estate of Dora Pangborn, deceased, petitioner.

*Lahr, Dillon & Lahr* for George Pangborn, respondent.

BOYLAN, S. In this discovery proceeding the administrator of Dora Pangborn, deceased, claims that George Pangborn, a son of decedent, withholds $2,500, which moneys were turned over to him by the decedent for safekeeping. Mary Thurston, a neighbor, testified that decedent told her that she had withdrawn $2,500 from the bank and given it to George. This testimony is hearsay and inadmissible. If Mrs. Dora Pangborn were alive and the plaintiff in an action against George, the testimony of Mrs. Thurston would be inadmissible, not only because it is hearsay but also because of its self-serving nature. Section 347 of the Civil Practice Act does not warrant the admission in evidence of hearsay and self-serving declarations merely because the person testifying is not interested in the estate. Assuming the testimony is admissible, and considered, then the petitioner has failed to establish by a fair preponderance of evidence that the respondent has or ever had the sum of $2,500 or any other sum belonging to the decedent. The court can think of no better place to have money than a savings bank and cannot appreciate why a person would withdraw same and give it to an individual for safekeeping. It is noteworthy that the petitioner did not produce any bank records to substantiate his contention.

The petition is dismissed on the merits. Submit order.